*179
 
 Gaston, Judge,
 

 having stated the case as above, pro-ceéded as followsIt is obvious upon this statement that the rightful estate which the deceased David Coble acquired by his conveyance from William Bell, terminated by the death of John Welbourn. The fee simple was in John Welbourn’s wife, and could not be rightfully transferred except under the solemnities required by law in relation to the deeds of femes covert; but
 
 his
 
 estate passed by his deed to Bell, and by Bell’s deed to Coble. Jane Welbourn had no right of entry until after the death of her husband, and if this right had not been asserted within seven years, the then adverse possession of Coble, would have ripened his defeasible into a perfect title. But it was asserted effectually to a judgment, which put it into her power to take possession of the land. It is an established rule of law, that a tenant cannot dispute the title of his landlord, either by setting up a title in himself or in a third person, while such tenancy continues. It would encourage bad faith and violate public policy to allow the tenant to hold in defiance of his landlord, who, reposing upon the faith of the relation existing between' them, has regarded the possession of the tenant as
 
 his
 
 possession, held under
 
 his
 
 title, and ready to be surrendered to
 
 him
 
 when the time to require such surrender shall arrive. -There can be no question, however, but that after the dissolution of the tenancy, as where the tenant has been evicted on an adversary claim, the tenant is free to purchase in the title, or to enter into a new relation with others, and to defend the possession, under that title or that relation, against his former landlord. Here indeed there there was not an actual eviction of Samuel Coble, but his possession had been unsuccessfully attempted to be defended by David Coble. It had been judicially ascertained that, as the tenant of his father, he had no right to the possession; that the interest in the land, and of course the rights to its rents and profits, was in another; and it seems to us that he was well warranted in treating the relation of tenancy between him and his father as terminated, and in regarding himself at liberty to give a new and rightful character to his possession. See
 
 Baker
 
 v.
 
 Mellish,
 
 10 Ves.
 
 *180
 
 544. We also think, although it is not" necessary to give a judicial opinion on the question, that if David Coble had deferred bringing his action of covenant until after the conveyance to Samuel, he might have successfully maintained his action. The possession of Samuel being no longer his, the covenant for quiet enjoyment would have been broken. But it is' objected, that the defendant purchased and took a conveyance, not from Jane, but William Welbourn, who set up title to the land, under an alleged deed from Jane Welbourn, and that
 
 this
 
 deed passed nothing, because at the time it was made, the land was in the adverse possession of David Coble. In law, however, this possession.was not
 
 then
 
 adverse to Jane Welbourn. David Coble was seised of a rightful estate during the joint lives of John Welbourn and his'wife, and the reversion in fee remained in her. And if the possession had been adverse, we understand the law to be, that, although the deed did not operate directly to transfer the title, which yet remained in the grantor, so that the grantor might maintain an ejectment against persons not privy to the deed, it might between the parties thereto operate as an estoppel. But there is a stronger objection to the deed. The acknowledgment of Jane Welbourn to this deed was defectively and irregularly taken, and this may have been the reason, for it would have been a sufficient reason, why in the action of ejectment, the deed was not set up by David Coble, to defeat the plaintiff’s recovery. But, notwithstanding all or either of these objections to the efficacy of that deed, we are still of opinion that the taking of the conveyance from William Welbourn, changed the character of the defendant’s possession. The true question is, whether David Coble died seised of the tract in dispute. His estate ceased on the death of John Welbourn, and there is no pretence' for the allegation that he died seised, unless the possession of the defendant continued to be
 
 his
 
 possession, and in affirmance of his title, up to his death. But the possession of the defendant, after taking the conveyance from William Welbourn, was adverse to the title of his father. William Welbourn claimed under Jane Welbourn, by a colourable though defective conveyance. The posses
 
 *181
 
 sion by his assignee was a possession under her title, which none but herself could disturb, which she has not disturbed, and which now she cannot disturb. It must be regarded as having been held by and with her concurrence.
 

 The plaintiffs also allege that David Coble was a lunatic, and the fact being denied by the defendant, much and contradictory evidence has been taken upon it. We do not see any necessity for deciding this fact. However it may be, the judgment in ejectment cannot on that account be rendered inoperative. If the defendant’s right to purchase from William Welbourn depended on his father’s assent to such purchase, the inquiry might be a material one. But it- is wholly independent of that assent, and results simply from the determination of his tenancy. Upon the whole, we are of opinion; that the plaintiffs and the defendant are not tenants in common of the Welbourn tract, but that the defendant is sole seised thereof.
 

 We are" also of opinion that the defendant is entitled to the disbursement which he claims for the expenses of the suit upon the unfortunate action' of covenant. It was brought by his father upon the-advice of respectable counsel, and was prosecuted by him in- good faith for the benefit of the estate, with the care of which he was charged.
 

 The partition, as prayed for and assented to by the defendant in the other two tracts, must be made ; and the costs attending such partition are tó, be charged upon all the parties, in the proportion of their respective interests. As to the other matters, the bill is to be dismissed, and with full costs to the defendant. ■
 

 Per Curiam. Decree accordingly.