Ruffin, C. J.
 

 Although this is the first time the point arising in this case has been presented to our Courts, yet the principle, bn which the bill is founded, seems to be clearly just, and to be established elsewhere by adjudications.
 

 Rents and profits received by an heir cannot be reached at law : because judgment is given only against the land itself, except when it is against the heir personallyforfal.se pleading. Still as the profits of the land, which came from the debtor, the rents are in conscience applicable to his debts, and the heir ought not to keep them to the hindrance of the creditors. It is true, that the debts are purely legal demands, and that the liability of the land or heir is also merely legal. Yet the jurisdiction is established of entertaining a creditor’s bill for an account of the personal and real estate, and for satisfaction out of them, according to the order, in which the parties aré respectively liable. The cases in England are numerous and full to the point and so they are in some of our sis. ter States ; and the doctrine has been recognized in this State.
 
 Simmons
 
 v.
 
 Whitaker,
 
 2 Ire. Eq. 129.
 
 Wilson
 
 v.
 
 *338
 

 Leigh,
 
 4 Ire. Eq. 97. Upon such hills there have been ilqcre.es for the, sale of the land descended or devised, and also for satisfaction out of the rents and profits received since the death of the ancestor. As far as discovered by qs',;t;he¡ fij;st.ti m é the .question occurred was in
 
 March
 
 v.
 
 Bennett, l
 
 Vern. 428. It-was urged, that the profits of IMi"infant ,h,e.ii;’s estate could not be taken for the anees, tor’s bond debt, and that no such decree bad ever
 
 been
 
 pade¡ Rut. fh'e Master of the.Rolls very naturally thought 8«c.b a;decree to he just and equitable, and he declared, that if.the .case came .before him lie' would decree satisfaction. The point was again presented in
 
 Waters
 
 v.
 
 Ehrall,
 
 2 Vern. 606 ; in which the report states the decision to have been, that the profits'in the time of the infant were not, after his death, applicable to his ancestor’s dqbhji; which is at least plausible as between the administrator and the heir of the infant. But in Mr. Raithby’s ¡cdifipn of Vernon, the decree itself is given ; and from l,liftt the• decision seems to have been the other way : for the plaintiff got a decree to raise from the land only such Mims.as might be due on the obligations, after applying the personal esiate of the original debtor, and also the profits of the land in the deceased heir’s time, first allowing. out of the latter for the maintenance supplied to the infant,. After that all the cases seem to be one way ; that is, in favor of the creditor. It was taken by Lord Talbot to be clear law, in
 
 Chaplin
 
 v.
 
 Chaplin,
 
 3 Pr. Wims. 366. So in
 
 Davies
 
 v.
 
 Topp,
 
 1 Bro. C. C. 524, the decree at the Rolls was, that, after applying the personal estate, any deficiency should be supplied by a sale of the real estate descended ; and, if there should still be a deficiency, then, it was declared, that the rents and profits of the land descended should be applied to make it good, and an account of them was ordered ; and, if all those funds should not be sufficient, that any deficiency should be made good out of land devised sub-:
 
 *339
 
 ject to a charge for the payment of debts. Upon the appeal of the heir, the argument was against imposing all the deficiency, after applying the personal estate,, on the descended land in front of that devised. But there was not the least question, that the land descended was liable as decreed, the rents and profits were also liable before the land devised ; and, it being held that the decree was right as between the two descrip-1 tions of land, it was affirmed throughout. In
 
 Curtis
 
 v.
 
 Curtis,
 
 2 Bro. C. C, 620, 033, the remark dropped incidentally from the Master of the Rolls, that "it is the
 
 practice
 
 in equity, that bond creditors coming for a distribution of the assets shall have an account of the rents and profits, which they could not have at law.” Indeed, in
 
 Rowe
 
 v.
 
 Reavis,
 
 1 Dick. 178, it is stated, that rents and profits of land descended are to be applied before the Court of Equity will decree the sale of the inheritance. But in the case of
 
 Waide
 
 v.
 
 Clark,
 
 1 Dick. 382, upon a case like that of
 
 Davies
 
 v.
 
 Topp,
 
 there w'as a similar decree for the sale of the inheritance first, and then for an account and application of the rents and profits. The decrees in both of those cases are set out as precedents in Seaton’s Forms, and support the reports. The point would seem, then, to be perfectly settled in England : and the equity of the creditor is as strong here as there. To the purpose of relief in this Court against the lands of a deceased debtor or the profits, all debts stand upon the same ground as specialties in England, since our statute entitles all to satisfaction out of the real estate — regard being had, however, to their dignity in the course of administration. It is true, that, upon simple contracts, the heir is not directly liable as he is in debt on a specialty, in which he is named. But that docs not affect this question ; for, the relief granted in equity to creditors by specialty, is not founded at all on the personal responsibility of the heir for the debts, but
 
 *340
 
 on the legal liability of tbe land in his hands, and the inadequacy of the legal remedy against the land, when compared with.the more direct and perfect one in the ■Court of equity. In other words, the relief here proceeds upon the ground of following the fund, which ought to pay the debt, as coming from the original debtor, and which can be more readily rendered here than at law. That principle applies alike to all debts, for which the land is in any manner legally liable ; and the more circuitous, dilatory and expensive the remedy at law is for a particular debt, the greater are the reason and necessity for the interposition of the Court of equity. In respect to the land itself, the ground of the jurisdiction seems plain. But in regard to profits' received by the heir, the principle is not so apparently correct, since they cannot be reached at law at all. When this case was opened, therefore, there was an impression in the Court that the bill could not be sustained But in looking for precedents, the cases before cited were soon collected ; and, moreover, the principle established by them is stated in the text writers as a settled one in equity. It has also been declared judicially in this country, and that in reference to demands for which the heir was not bound by specialty. In
 
 Thompson vs. Brown
 
 4 John C. C. 619 chancellor Kent decreed the sale of land upon a bill by one partner against the executors and heirs of the other, for a balance due on the account, and the only reason why be did not decree an application of the profits also was, that the heir was an infant and they had been
 
 bona fide
 
 applied to his maintenance and education by the guardian before notice. We think that was a very just ground of exception, and should be disposed to adopt it. But as the case is now before us, that matter is not a subject for consideration ; for the bill alleges the profits belonging to the infants to remain unexpended in the hands of the brother, who acted for them, and, therefore,
 
 *341
 
 there can only be a decree for what he has or ought to have; which can come up only when answers shall have been put in and the facts ascertained upon the usual enquiry. At present the case is for the plaintiffs, as the demurrer admits there are unexpended profits; and to that extent at least, the creditors ought to. have satisfaction. The plaintiffs are therefore entitled to an account and the demurrer must be over-ruled with costs, and the cause be remanded that the defendants may answer and other proceedings be had.
 

 Per Curiam.
 

 Ordered accordingly.