[No. 1,996.]

# ADAM HOLLOWAY *v.* EMILE GALLIAC AND JESUS DABILLO.

EJECTMENT AGAINST TENANT.—In ejectment by the landlord against a tenant who was in possession when he gave the lease, the landlord makes out a *prima facie* case, by the production of his lease, and the burden is cast on the tenant, if he depends on the ground of paramount title in himself or another, of proving such title, and if he fails to do so, the landlord must prevail.

WHEN LEASE ESTOPS TENANT.—A tenant is estopped by a lease which he takes when in possession, unless he proves paramount title in himself or another, under whom he claims.

DESCRIPTION IN A GRANT BY AN ALCALDE.—A grant by an Alcalde, of a lot in a pueblo, "twenty-five yards in front by fifty in depth, and bounded southeast by Chaipa Garcia's house and lot," was valid, and conveyed ownership to a definite tract of land, if Chaipa Garcia occupied a lot in the pueblo, and a lot twenty-five by forty yards could be located immediately to the north-west of hers

IDEM.—An entry subsequently made by the Alcalde, in his book of records, immediately below the grant, in these words, "the above is located fronting twenty-five varas on Market Place, and forty varas fronting on San Carlos street, does not affect the grant, and may be disregarded. It does not grant any land, but undertakes to locate a lot already granted and definitely described.

GRANT BY AN ALCALDE.—When an Alcalde granted a lot by a description sufficient to pass the title, his jurisdiction over the subject matter ended.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

The action, which was commenced in April, 1868, was ejectment for a lot in the city of San José, being a portion of the lands of the former Pueblo de San José, confirmed to the city in July, 1865. The plaintiff claimed title under a deed from the Commissioners of the Funded Debt, who held the legal title as successors in interest of the Pueblo. At the trial he put in evidence his deed to the land and also a lease from himself to the defendant dated January 1st, 1866, and running for one year from that date. The defendant asserted his right to the possession as a tenant of one Dewar, under a lease made in April, 1865—Dewar claiming title to the land by mesne conveyances from Charles White, the source of whose title is mentioned in

the opinion.   Judgment was rendered for the defendant, and the plaintiff appealed.

*Bodley & Rankin* and *F. E. Spencer,* for Appellant.

The lease is certainly equal to an admission of title in the lessor by the party signing it, regardless of the mode or circumstances under which it was obtained, and its effect may, perhaps, be done away with by proving that the legal effect of its recitals is untrue; but, to our mind, it would be reasoning in a circle for a person to say, " True, I signed the instrument wherein I admitted that the title was not in me, but another; but I now propose to relieve myself of the effect of that admission, not by proving that it is false, but simply by alleging its falsity."   Otherwise we have arrived at that sublime point where empty declarations are equal to positive proof.

But the cases cited advance no such monstrous doctrine. The question was, under what circumstances shall a lease amount to an absolute estoppel?   In *Franklin* v. *Merida,* 35 Cal. 567, Sanderson, Justice, in delivering the opinion of the Court, says:

" If B is in possession and takes a lease from A, the latter parts with nothing, and the former has obtained nothing by the transaction.   If, however, either has gained anything, it is A.   He has gained rent, and in the event of a controversy, a *prima facie* case as against B, without proof of title; while B's case is weakened by so much as a *prima facie* case is worth."

And again at page 575, the Court says:

" At best the landlord gains the advantage of a *prima facie* case, and casts upon the tenant the burden of overcoming it, for he has but to prove the lease and rest.   With this he must be content.

*S. O. Houghton,* for Respondents.

The defendant Galliac is not estopped from disputing the plaintiff's title, because he took a lease from him while in possession.   The possession of the defendant Galliac was

the possession of his landlord, John Dewar. (*Brown* v. *Drysinger et al.*, 1 Rawle's Rep. 408; *Miller* v. *M. Brier*, 14 Sergt. & Rawle's Rep. 382; *Tewksbury* v. *Magraff*, 33 Cal. 253.)

As plaintiff has failed to prove title upon the trial, where that was the leading question at issue, the presumption necessarily follows that he had no title to 'prove. Having no title, his representation that he was the owner of the lot was false and fraudulent; and being so, Galliac was entitled by himself to dispute his title, having been long in possession of the property under Dewar, when he was coerced into signing the lease to Holloway. (*Tewksbury* v. *Magraff*, 33 Cal. 237; *Franklin* v. *Merida*, 35 Cal. 558.)

By the Court, McKINSTRY, J.:

In *Peralta* v. *Ginochio*, *ante*, p. 459, we considered the effect of the circumstance that a tenant was in the possession at the time, and prior to the execution of a lease, which was subsequently relied on, as estopping the lessee from denying the title of the lessor. We there held: "The landlord, by production of the lease, makes a *prima facie* case, and the burden of proof is cast on the tenant; and unless he overcomes it by showing paramount title in himself, or those under whom he claims, the landlord must prevail." It remained for the defendant in this case, therefore, to connect himself with a superior title.

On the trial below it appeared, from an entry in the book of Alcalde records of the Pueblo de San José, that a grant was made by the chief magistrate of the pueblo to one Charles White, on the sixth day of December, A.D. 1846. The grant was of a lot "twenty-five yards in front by fifty in depth, and is bounded south-east by Chaipa Garcia's house and lot."

On the twentieth of February, 1849, the then Alcalde made an entry in the same 'book, and immediately below the foregoing minute of a grant, in these words: "The above is located fronting twenty-five varas on Market Place, and forty varas fronting on San Carlos street."

It is not necessary to inquire whether, if the description in the grant was insufficient, the two entries could be read together and would constitute a new grant, as of the last date. If Chaipa Garcia occupied a lot in the Pueblo, and a lot twenty-five by forty yards could be located immediately to the north-west of hers, the grant was valid and conveyed ownership to a definite tract of land. The minute in the Alcalde's book of February, 1849, does not purport to grant any land, but to fix the position of a lot already granted and definitely described. It is clear that the rights of White were not affected by the last entry, and that such entry must be disregarded. The defendant claimed to defend his possession of the lot described in the complaint by virtue of a title derived from the pueblo, through the grant to Charles White. The evidence is conclusive, however, that the lot in controversy is not the lot granted to White. The identity of the lot granted, and that sued for, was a fact to be established by the defendant. But no evidence was offered on his part upon the subject, except the declaration of a third person, which was hearsay testimony; while several witnesses located the Chaipa Garcia lot at a distance of over one hundred feet from the lot in controversy, and separated from it by another lot.

The defendant having failed to connect himself with a title paramount, the plaintiff should have recovered judgment, by reason of his position as landlord.

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.