LOVEY NICHOLSON v. COMMISSIONERS OF DARE COUNTY.

*Claim on Decedent's Estate—Suit by Legatee—Evidence—Presumptions.*

1. Where, in the trial of an action by one claiming to be the assignee of an interest in a judgment obtained by one county against another, the only evidence as to the assignment was the record of the case in which the judgment was rendered, showing that the commissioners of the creditor county had assigned the judgment against the debtor county to various persons, of whom plaintiff's ancestor was one, but plaintiff's name nowhere appeared as one of the assignees, it was error to refuse an instruction that there was no evidence of an assignment to plaintiff.

2. In an action by a legatee to recover a claim due to the testator's estate, where it does not appear that an executor was appointed, and that he settled the estate and assigned the claim to plaintiff, it will not be presumed that these things were done.

PETITION to rehear the case between same parties, decided at February Term, 1896, and reported in 118 N. C. Reports, at page 30.

The petition was as follows:

"The petition of Lovey Nicholson, the plaintiff in the above action, respectfully shows to the Court:

"1. That, upon the hearing of the appeal in the said cause, the Court reversed the judgment of the superior court upon the ground that the will of C. W. Nicholson was not made a part of the record, and that it was not shown to the Court that there was a personal representative of said C. W. Nicholson.

"2. That she assigns as error in the opinion of this Court: In that plaintiff sued in her own right, and not as legatee of C. W. Nicholson, as assigned direct from the Commissioners of Currituck. [See title of case and allegation No.

NICHOLSON v. COMMISSIONERS.

2 of the complaint; also the fourth allegation thereof, on page 1 of record. See also page 3 of record, at bottom of page, where the State's case shows that *plaintiff claims under a judgment* in favor of the Commissioners of Currituck against the Commissioners of Dare county, *as assignee* of Currituck county. See also statement of case, page 3 of record, the admitted fact that C. W. Nicholson died June 18, 1880; and second allegation of the complaint, page 1 of the record, where the alleged assignment was made March 1, 1882, nearly two years after the death of C. W. Nicholson. See also settlement between Currituck county and Lovey Nicholson, page 5 of the record, showing payments to plaintiff after the 18th June, 1880; her acceptance of the assignment, and her final settlement with Currituck county.]

"3. That the judgment sued on in this action is one between the Commissioners of Dare and Commissioners of Currituck, it being in favor of Currituck county and against Dare county, in which C. W. Nicholson never had the remotest interest—which said judgment the Commissioners of Currituck county could release, receipt for or assign, without reference to C. W. Nicholson or the personal representative of his estate; and that plaintiff, as assignee of such judgment in her own individual right, succeeded to all the powers and privileges of the Commissioners of Currituck county.. [See first allegation of complaint, page 1 of the record; see also report and finding of referee, on page 19 of report, which, upon a proper calculation, shows that Currituck held a judgment debt against Dare of about $23,157.11 on the 1st day of May, 1882, and that on that day Currituck county assigned $16,647.62 to her creditors, the plaintiff being one of said assignees. See also Judge Hoke's final judgment, confirming said report and findings, from which no appeal was taken. See page 20 of the

report. See also ascertainment of offsets due Dare on said judgment, May 1, 1892, when the mutual liabilities of the two counties were first determined, page 19 of report.]

" 4. That no affirmative relief was adjudged against the plaintiff, except for costs, and plaintiff will in due time file proper undertaking to secure the same.

" Wherefore, plaintiff prays that the appeal be reheard, and the matters above specified as overlooked be considered by the Court."

*Mr. W. B. Shaw*, for plaintiff (petitioner).
*Mr. E. F. Aydlett, contra.*

FURCHES, J. : This case was here at the last term of the Court on the appeal of the defendant, and was decided and reported in 118 N. C., 30, and is now before the Court upon a petition to rehear.

The first ground of error set forth in the petition is that this Court reversed the court below for the reason that the " will of C. W. Nicholson was not made a part of the record, and that it was not shown to the Court that there was a personal representative of said C. W. Nicholson." This assignment of error is not true in fact, as will plainly appear upon reading the case as reported *supra.* It is true that in the argument of the case it is stated that the will of C. W. Nicholson is not made a part of the record, and that it does not appear to the Court whether there was an executor or not. But neither of these was the point decided by the Court, but they were only facts stated leading to the question decided.

The plaintiff in her complaint claimed that she was the assignee of $712.72 in a judgment which Currituck county had recovered and held against Dare county. This was

denied by the defendant and made the issue to be tried, and is the only issue decided by this Court at the last term.

The plaintiff by her complaint made the proceedings, the reports and judgments in the case of *Currituck County v. Dare Co.*, a part of her complaint. And on the trial the plaintiff offered and read this record in evidence, which was the only evidence offered in the case, except the will of C. W. Nicholson. So if there is any evidence to sustain plaintiff's allegation that plaintiff is the *assignee* of $712.74 in the judgment of Currituck against Dare, it is in this record introduced by plaintiff. Upon examination of this record we find it stated that "on March 2, 1882, the Commissioners of Currituck county assigned, of this judgment against the defendants, the following amounts to the persons named below," and among the names below is that of C. W. Nicholson, and opposite his name is set $712.74. We find the name of C. W. Nicholson as many as seven times mentioned in this record, and the name of Lovey Nicholson is not to be found in it. There is this entry, " 8. To paid Mrs. Nicholson, $276.50." But this was no part of the judgment of Currituck against Dare, even if the " Mrs. Nicholson " mentioned is Mrs. Lovey Nicholson, the plaintiff in this case; and there is nothing, unless it be this entry, to show that she is.

Upon this evidence on the trial below the defendant asked the court to charge the jury " that there is no evidence of an assignment of any judgment, or the interest of any judgment, to plaintiff by Currituck county." This prayer was refused by the court, and we said there was error in this refusal. And after another argument and a full consideration of the whole case we are of the same opinion now that we were then.

NICHOLSON *v.* COMMISSIONERS.

In the argument, the counsel for plaintiff seemed to lay great stress upon the fact that it appeared from the record that C. W. Nicholson died in June, 1880, and this assignment was not made until May, 1882. But we are unable to see the force of this argument; for if it should be held (and we do not so hold, as that question is not before us) that it is void as to C. W. Nicholson, it could not follow that this made it a good assignment to some one else to whom it was not assigned.

It was suggested on the argument at this term that the plaintiff could probably sustain her action under the doctrine of presumption, that the clerk of Currituck had qualified, or appointed and qualified, the plaintiff or some one else the personal representative of C. W. Nicholson; and that, as more than two years had elapsed since the death of C. W. Nicholson, the plaintiff, or whoever qualified as the personal representative, had paid the debts and settled the estate, and assigned this claim to plaintiff as a part of her legacy under the will. But this cannot be so, as there is nothing for the presumption to rest upon. There is no law requiring a clerk to appoint an administrator or to qualify an executor, unless he is applied to and asked to make such appointment. Generally, presumptions arise from admitted or established facts, and is a very useful principle of legal jurisprudence. But it cannot be presumed that a party is the owner of property without some admitted or established fact to start with. Where an indebtedness exists by a promissory note or other negotiable paper capable of manual delivery, and the plaintiff is in possession of the note or other paper, the law, in the absence of other evidence, presumes the holder to be the owner. But here is the fact that the plaintiff is in possession of the note which creates or raises the presumption. But if the plaintiff had no

NICHOLSON *v.* COMMISSIONERS.

possession of the note, there would be no presumption. So, if one is in actual possession of an office, the fact that he is in, exercising the duties of the office, raises the presumption that he is rightfully in. So it is that where an officer of court does a thing in the line of official duty, the law presumes it rightfully done until the contrary appears. But it cannot be presumed that a court has tried a case or made an appointment, although it had the right to do so if applied to, and if he does this it must be made to appear upon proof of the fact. So, there can be no presumption that the clerk had appointed and qualified a personal representative of C. W. Nicholson. And as there is no evidence or presumption that any one has ever been appointed, there can be no presumption that they acted properly or improperly.

Besides, this suggestion is not only without foundation to rest upon but it is in direct conflict with the allegation of plaintiff's complaint, which alleges that she is the *assignee of the County of Currituck.* And it was argued before us by plaintiff's counsel that C. W. Nicholson never had any interest in this judgment upon which this action was brought.

The petition must be dismissed, and the case goes back for a new trial, when the plaintiff will take such course as she may be advised by counsel. Petition dismissed.

Dismissed. New Trial.