A. W. HAMER v. L. C. McCALL.

*Landlord and Tenant—Estoppel—Landlord's Lien—Personal Property Exemption.*

A tenant being estopped from denying that the party from whom he leased is his landlord and entitled to the rents, cannot escape the landlord's lien by claiming his personal property exemption· out of the crops.

CIVIL ACTION tried before *McIver, J.,* and a jury at Fall Term, 1897, of RICHMOND Superior Court. There was a verdict with judgment thereon for the plaintiff and defendant appealed.

*Mr. Walter H. Neal,* for plaintiff.
*Mr. John D. Shaw, Jr.,* for defendant (appellant).

FURCHES, J.: The plaintiff rented a farm, a mule and farming implements to the defendant for the year 1895. The rents not being paid, as plaintiff alleged, he brought this action for the unpaid rents, in which he claimed a landlord's lien upon the defendant's crop raised on the land so rented to the defendant.

The defendant answered and denied that he owed the plaintiff anything, and alleged that the farm, the mule and the implements, so rented, belonged to the plaintiff's wife; that she is dead, having died in August, 1895, and that there has been no administration on her estate; sets up a counter-claim; denies that plaintiff is entitled to a lien on his crop, even if it is found that he owes him anything on the rent, and claims the crop as a personal property exemption.

The jury find that there is $23.93 still due on the rents, and while there are other exceptions taken in the record it seems to us that they depend upon the plaintiff's right to claim these rents as landlord. Upon the death of the

wife, these rents became a part of the wife's personal estate, and the legal title could only pass to the plaintiff as her administrator.   *Nicholson* v. *Commissioners*, 119 N. C., 20; 118 N. C., 38.

But defendant having leased this land and other property from the plaintiff became his tenant, and as between them he is estopped to deny that the plaintiff is his landlord and entitled to the rents.   The plaintiff being the landlord and the defendant his tenant, it must follow that the law of landlord and tenant applies, and the plaintiff acquired a lien on the crops for the payment of the rents.   The plaintiff having a lien on the crop for the payment of the rents, the defendant was not entitled to have his personal property exemption out of the crops until the rents were paid.   The judgment of the Court below is

Affirmed.