### POOL v. LAMB.

(Filed February 26, 1901.)

LANDLORD AND TENANT—*Title—Estoppel.*

> A tenant can not deny the landlord's title durng the tenancy, and this rule is not affected by the fact that the building stands upon rented ground.

ACTION by W. G. Pool, administrator, against E. F. Lamb, heard by Judge *A. L. Coble* and a jury, at March Term, 1900, of PASQUOTANK County Superior Court. From a judgment for defendant, the plaintiff appealed.

*E. F. Aydlett, G. W. Ward,* and *P. H. Williams,* for the plaintiff.
*Busbee & Busbee,* for the defendant.

CLARK, J. This was an action to recover rents for a building rented to defendant by plaintiff's intestate. The Court erred in refusing to charge, when requested, "that the defendant can not deny the title of the plaintiff." The defendant took possession as tenant of W. A. Greenleaf, 2d

December, 1892, and not having surrendered possession to said Greenleaf or his admitted agent, Mrs. H. T. Greenleaf, nor to the plaintiff, he can not be heard to deny that title, during the existence of his tenancy of the property which continued till 19th May, 1899, shortly before the beginning of this action. If the defendant had surrendered possession to another and received possession back from him, thus attorning to the new lessor, this would not abrogate this rule of law. In order to convert a tenancy into an adverse possession, there must be a clear, positive and continued disclaimer and disavowal by tenant of his landlord's title and assertion of an adverse right for the requisite length of time brought home to the landlord. *Bonds v. Smith,* 106 N. C., 553; *Conwell v. Mann,* 100 N. C., 234; *Springs v. Schenck,* 99 N. C., 551. Though a tenant acquire a better title than that of his landlord, he can not avail himself of the possession acquired as tenant, but must surrender and bring his action of ejectment.

Even if plaintiff's intestate did not own the rented building, the defendant having entered into possession of the same as his tenant is estopped to deny his title to receive the rents. This rule is not affected by the fact that the building stood on rented ground and was afterwards moved to another lot, also rented. It was the building, not the lot, which the defendant rented of plaintiff's intestate and which the defendant occupied continuously from that time until May, 1899. Where one rented a farm and implements of the husband, he was estopped to deny plaintiff's right to recover the rent, although in fact the property belonged to the estate of the plaintiff's deceased wife. *Hamer v. McCall,* 121 N. C., 196. If anyone else wishes to set up claims to the rents, he could be made a party to the action and assert his title by interpleading. The tenant can not do so for him.

This renders it unnecessary to consider the other exceptions, since they may not arise on another trial.

Error.