SHELL v. WEST.

(Filed April 15, 1902.)

1. LANDLORD AND TENANT—*Estoppel.*

   A tenant is estopped from denying the title of his landlord.

2. AMENDMENTS—*Actions.*

   An amendment making an additional party, which essentially changes the nature of the action, should not be allowed.

3. PARTIES—*Nonsuit.*

   One can not be made a party to an action after nonsuit therein.

4. EXECUTORS AND ADMINISTRATORS—*Rents—Succession—Descent and Distribution.*

   The rents on devised land may be subjected by the personal representative to the payment of the debts of the deceased.

   DOUGLAS, J., dissenting.

ACTION by O. P. Shell, executor of H. C. Avera, against W. C. West, heard by Judge *W. S. O'B. Robinson* and a jury, at November Term, 1900, of the Superior Court of HARNETT County. From a judgment for the defendant, the plaintiff appealed.

*McLean & Clifford,* and *Stewart & Godwin,* for the plaintiff.
No counsel for the defendant.

CLARK, J.   The plaintiff, executor of H. C. Avera, began this proceeding before a Justice of the Peace to recover the rents on a tract of land rented by him to the defendant, and which had belonged to the plaintiff's testator. The plaintiff recovered before the Justice, but upon appeal his Honor intimated that plaintiff could not recover, in deference to which he took a nonsuit and appealed.

SHELL *v.* WEST.

It appears from the statement of the case on appeal that the defendant rented the land from· the plaintiff; that the estate is largely involved, and that the rents on the land are necessary to be applied to save the creditors harmless. After the case had been heard in the Superior Court, Narcissa Barnes was made a party on allegation that she was the land-lord. The record does not state how, but it was agreed on the argument here that she was a devisee of the realty. She did not interplead, but was made a party on motion of defendant.

The defendant being a tenant of the plaintiff, was estopped to deny his title. This is elementary law, and has been re-affirmed in this Court as late as *Pool v. Lamb,* 128 N. C., 1. At the time the Court intimated that the plaintiff could not recover, it was error to so hold, and such error could not be corrected and the costs thrown upon plaintiff by making a new party of the devisee, upon the motion, too, of the defendant. If it had any effect, it materially changed the nature of the action, and if the motion could be tolerated at all, justice required that it could only have been allowed upon payment of all costs up to that time. The effect was to change a simple action by a landlord against a tenant for recovery of rent into a totally different controversy whether rents upon devised lands should be applied to the debts of an insolvent testator. Such amendment should not have been granted (*Merrill v. Merrill,* 92 N. C., 657; *Clendenin v. Turner,* 96 N. C., 416), for it was an entire change in the nature of the action, making it one of which the Justice's Court had no jurisdiction. Besides being made after the hearing, and, therefore, after the nonsuit was taken, there was no pending action to which the additional party could be made. It is sufficient to say that there was error, both in granting the nonsuit and in making the additional party after the nonsuit, or when to make such party essentially changed the nature of the action.

The defendant being estopped to deny his lessor's title, the

SHELL v. WEST.

plaintiff was entitled to judgment. It was then open to the devisee, claiming the land, to have brought an action to hold the executor responsible for such rents. But if the facts are as stated in the case on appeal, to-wit, that the estate is insolvent, and that the rents are necessary for payment of the creditors, such action, if brought, would be nugatory, for it is well settled that the rents on devised land can be subjected by the personal representative when required for payment of debts. In *Moore v. Shields,* 68 N. C., at page 332, it is said that inasmuch as the land can be sold to make assets to pay debts, it is the interest of the heir or devisee that the rents should be first so applied and save the land; and on page 331 it is said, "The general rule that the creditors of the ancestor are entitled to all the rents and profits received by the heir, since descent cast must now be considered established by *Washington v. Sasser,* 41 N. C., 336. It is supported by other authority. 2 Story Eq. Jur., 1216, and *Curtis v. Curtis,* 2 Bro. Ch. Cases, 633." This has been always followed since—among other cases are *Hinton v. Whitehurst,* 71 N. C., 66; *Jennings v. Copeland,* 90 N. C., bottom of page 577, and cases cited; *Coggins v. Flythe,* 113 N. C., 119. The same seems universally held. Woener Admr's, Sec. 513; 2 Williams Ex'rs, 51; 3 Williams Ex'rs, 182.

Inasmuch as this would be the law, if in regular course the plaintiff had recovered against the defendant tenant, and the devisee of the land had brought her action against the plaintiff to recover the rents, certainly the plaintiff could not be put at a disadvantage and the rents adjudicated not liable to be applied to the debts of the testator because the devisee is made a party to the action in this irregular way. If there can be any criticism for turning an action of claim and delivery by a lessor against a tenant into a proceeding to adjudge rents on devised lands applicable to debts of the testator, it must be leveled against the defendant, not against the plaintiff. The

land having been rented by the plaintiff to the defendant, the only question was as to whether the property taken in claim and delivery was due as rent, and if the devisee can come in at all as a party to that action on the allegation that the rents are due to her, certainly it is open to the plaintiff to show as a defense that the rents are required to pay debts of the testator, which is here admitted.

It is true the plaintiff might have begun a proceeding in the first instance against the devisee to subject the rents, but why do so when the devisee, apparently aware that the rents were necessary to pay the debts of the testator, has stood aside and acquiesced in the plaintiff renting out the land. To the direct proceeding to recover the rent of the tenant, the devisee has not made herself a party nor filed any answer, nor interposed any defense. She has been merely made a party at the instance of the defendant.

Error.

Douglas, J., dissenting.