### T. W. AUSTIN v. HARRY CRISP.

(Filed 12 December, 1923.)

**1. Landlord and Tenant—Contracts—Deeds and Conveyances—Equity.**

The relation of landlord and tenant rests upon contract between the parties and does not exist without their mutual intent and the mutuality of consideration, as in other contracts, nor preclude the supposed tenant from showing there was no such tenancy, or from invoking the interposition of a court of equity for his equitable relief, in proper instances.

**2. Same—Estoppel.**

, Where a supposed tenant has rented a tract of land included in the boundaries of several tracts in a deed he has theretofore received from his supposed landlord, in his action to correct his deed for mistake he is not estopped to show that because of his illiteracy and ignorance of the description of the lands in the deed he has taken, he has afterwards leased the *locus in quo* by mistake.

**3. Appeal and Error—Objections and Exceptions—Questions and Answers.**

Exception, on appeal, to the exclusion of an unanswered question is untenable unless it is properly made to appear what the answer would have been.

**4. Appeal and Error—Objections and Exceptions—Records—Briefs—Rules of Court.**

> Exceptions of record on appeal not mentioned in appellant's brief are deemed as abandoned on appeal, under the Rules of Court.

APPEAL by plaintiff from *Finley, J.,* at June Special Term, 1923, of CALDWELL.

Civil action. On 5 May, 1917, the plaintiff executed a deed to the defendant purporting to convey four tracts of land. In his complaint he alleges that by mutual mistake one of these tracts (the second in the deed) was erroneously inserted, and that it is necessary to correct the deed in this respect in order to make it conform to the intention of the parties. He further alleges that in the fall of 1917 the defendant leased from the plaintiff the land in dispute for an annual rental of $60.

The defendant denied any mistake, and alleged that the plaintiff claimed to be the owner of five tracts and sold him four; that the defendant was unable to read and write, did not know the boundaries of the land, and, relying upon the plaintiff's representations, leased the tract in dispute without knowing that it was included in his boundaries.

The following verdict was returned:

"1. Was the second tract in the deed of 5 May, 1917, from the plaintiff to the defendant, included therein by reason of the mutual mistake of the plaintiff and defendant? Answer: 'No.'

"2. If so, what damages is the plaintiff entitled to recover of the defendant? Answer: '............' "

Judgment, and appeal by the plaintiff.

*W. A. Self and Lawrence Wakefield for plaintiff.*
*W. C. Newland, J. H. Burke, and Mark Squires for defendant.*

ADAMS, J. The seventh, eighth, and ninth exceptions involve, directly or indirectly, the alleged estoppel of the defendant to deny the plaintiff's title, but in our opinion neither of them can be sustained.

It is established as a general rule of law that a tenant who is in the undisturbed possession of the demised premises may not dispute the title of his landlord; but as the relation of landlord and tenant is the result of a contract, the rule is based on the assumption that such relation exists by the mutual agreement of the parties. Unless there is "an agreement which creates an obligation," there is no contract. There must be mutuality of obligation as well as mutuality of agreement. *Clapp v. Coble,* 21 N. C., 179; *Davis v. Davis,* 83 N. C., 71; *Dixon v. Stewart,* 113 N. C., 410; *Shew v. Call,* 119 N. C., 450; *Shell v. West,* 130 N. C., 171; *Hargrove v. Cox,* 180 N. C., 360; *Hobby v. Freeman,* 183 N. C., 240.

The doctrine of estoppel applies to the simple relation of lessor and lessee, unaffected by other complications, and does not preclude the tenant from showing there was no contract of tenancy, or from invoking the interposition of a court of equity for his relief. *Timber Co. v. Yarbrough,* 179 N. C., 340. The defendant alleges, in substance, that he relied upon the plaintiff's representations, and was misled by reason of his ignorance of the boundary lines; and his evidence tends to show that he leased his own land through inadvertence and mistake. By reason of such mistake, the jury evidently concluded that no contract had been made. One is not permitted to accept a promise when he knows the other party understands it in a sense different from that in which he understands it, for in such case there is no agreement. Mistake may be such as to prevent any real agreement, and in such case the agreement is not merely voidable, as in the case of fraud, but is absolutely void, both at law and in equity. A meeting of the minds is essential. *Freeman v. Croom,* 172 N. C., 524.

It is also worthy of notice that the plaintiff does not plead the estoppel, but seems to depend on the lease as evidence of the alleged mistake in the execution of the deed. In fact, the object of the action is the correction of the deed, the plaintiff in express terms praying the court to reform the conveyance so as to make it speak the truth and comply with the agreement, and his Honor's instruction upon this phase of evidence was certainly not unfavorable to the plaintiff.

The third and sixth exceptions have reference to excluded evidence, but the record does not show what the answer would have been or what evidence was proposed, and we must follow the ruling in several familiar precedents and hold that these exceptions also are without merit. The others are not discussed in the appellant's brief. *Schas v. Assurance Society,* 170 N. C., 420; *Fulwood v. Fulwood,* 161 N. C., 601. We find

No error.