JAMES McNAIR v. THE BOARD OF COMMISSIONERS OF BUNCOMBE COUNTY.

*Practice—Amendment.*

The Court has no power, with or without amendment, to convert an action brought for the purpose of obtaining an injunction, into one for a mandamus.

(*Merrill* v. *Merrill*, 92 N. C., 657, cited and approved).

CIVIL ACTION, heard before *Gudger, Judge,* at Chambers in FRANKLIN, on October 10th, 1885.

The General Assembly at its last session, held in 1885, ch. 219, passed an act to dispense with individual separate farm-fencing, and to prevent live stock from running at large within the county of Buncombe, §11 of which is in these words: "That upon the written petition of a majority of the registered voters of any township, district or territory with well defined limits or boundaries, the county commissioners and justices of the peace

in joint meeting may, by resolution, suspend the operation of this act in such township, district or territory ; *Provided,* such petition is presented to said commissioners and justices of the peace at their annual meeting on the first Monday in June, one thousand eight hundred and eighty-five; and, *provided further*, that this section shall not apply to the following townships, viz : number two, "Lower Hominy;" number four, "Leicester;" number nine, "Asheville;" number ten, "Reems's Creek;" number eleven, "Flat Creek," and number six, "Limestone," in which said townships, this act shall go into effect on the first day of November, one thousand eight hundred and eighty-five."

A large number of the registered voters of Black Mountain township, alleged in the complaint to be a majority, who are entitled to make application, under the section recited, to the commissioners and justices at the designated meeting, signed a petition in the form presented, and sent it by the hands of one of their number for presentation to the body, asking that their territory be not included in the proposed common boundary and the operation of the act be suspended in said township.

The petition was delivered to one of the said justices, who subsequently became presiding officer of the body, to be laid before it at the proper time.   This was not done, and after transacting the necessary and usual county business, and while opportunity was sought to bring up for the consideration of the body, this and similar applications from other townships, the agents for pressing which were present, some disorder occurred, and a motion to adjourn being made was put to the meeting and prevailed, so that none of the petitions were presented or acted on.   The commissioners then proceeded under the law, in the construction of a fence to enclose the whole county, and while thus engaged were interrupted by the institution of the present suit on September, 5th, 1885, and the service three days later of the restraining order issued upon the allegations contained in the complaint, used as evidence for the purpose.

The commissioners put in their answer, explaining some, and controverting others of the plaintiffs' allegations; and the aplication for an injunction coming on to be heard before Gudger, Judge, at Chambers, in Webster, Jackson county, upon the evidence, on September 30th, the following judgment was rendered :

"Motion for injunction to the hearing.    Motion refused. Plaintiffs except to the rulings of the Court both as to the facts .and the law, and appeal to the Supreme Court.    But in view of the ruling of the Court as to the alternative mandamus, it is ordered that the appeal of the plaintiffs may go up upon the hearing of the motion for mandamus without prejudice, and that the appeal bond may be filed at that time as of this time.    Upon motion the plaintiffs are allowed to amend their complaint as they may be advised, and they are also allowed to amend their summons in this case so as to make it returnable before the Judge at a day to be named therein, and they may bring in the Justices .of the Peace of Buncombe county as parties defendant; and it is agreed that service of the summons on C. B. Way shall be deemed sufficient service upon said justices.    It is further ordered, that an alternative mandamus be issued to the defendant Board of Commissioners, commanding them to call a joint meeting of the county commissioners of Buncombe county and justices of the peace of said county, for the purpose of exempting by resolution Black Mountain township from the operation of the act of the General Assembly known as the 'Buncombe County Stock-Law,' or of at least acting upon the petition of the voters of said township (this part of the order not being intended to decide whether the said act is peremptory or merely permissive with regard to the exemption of certain townships named in the act).    Or to show cause before me at Macon Superior Court next ensuing, on Saturday, the 10th day of October, 1885, why they shall not so do, and that said defendant Board and the justices of the peace aforesaid appear before me at the same time and place and show cause why at such joint meeting they shall not exempt Black Mountain township from the operations of said act."

A copy of this order was served on the several county commissioners while holding their session on the first Monday in October, transacting official business, and they appeared and made answer to the rule, which being adjudged insufficient, the following judgment was then entered:

"This cause coming on to be heard upon the return of the commissioners of Buncombe county to the alternative writ of mandamus heretofore issued, and being heard, and the returns of J. E. Rankin and others not being deemed good and sufficient, and it appearing that on the 1st Monday of June, 1885, a petition was delivered to C. B. Way, Esq., who was on said day chairman of the meeting of the joint board of magistrates and commissioners of Buncombe county, which petition, it is alleged, was signed by a majority of the registered voters of Black Mountain township of said county, praying to be exempted from the operation of an act of the General Assembly of North Carolina, passed at its session of 1885, and known as the Buncombe County Stock-law act, and it further appearing that no action was had or taken by the joint board of commissioners and magistrates at this meeting on the said 1st Monday of June, 1885: It is now ordered and adjudged, that a peremptory writ of mandamus issue, commanding that forthwith and without any excuse or delay, the commissioners of Buncombe county and the board of magistrates, to-wit, the justices of the peace of said county assemble in joint meeting in the court house in Asheville, and consider and determine:

"1st. Whether a majority of the registered voters of Black Mountain township, had on the first Monday of June, 1885, signed a petition asking a suspension of the stock-law act aforesaid, as to said Black Mountain township; and

"2nd. Whether (if a majority of the registered voters of said township have so petitioned), they, the said joint board of commissioners and magistrates, will by resolution declare the said act suspended as to Black Mountain township of said county."

From this order the defendants appeal, and except thereto on the following grounds, to-wit:

I. For that his Honor had not jurisdiction to make such order in this action.

II. For that the complaint in said action does not state facts sufficient to constitute a cause of action for mandamus.

III. For that said action is not an action or proceeding for a mandamus. No such relief is sought, asked for, or claimed in said action, and it was not competent for his Honor to grant a writ of mandamus in the same.

IV. The order allowing plaintiff to amend the summons and complaint, made by his Honor in this action at Webster, at Chambers, was never availed of by the plaintiff, and the action still remains as originally instituted, and is in no sense an action or proceeding for a mandamus, and it was not competent for his Honor to treat said action as such.

V. That it was not lawful for his Honor to make the alternative writ of mandamus returnable before him at Macon Superior Court, but the same ought to have been made returnable to the Superior Court of Buncombe county.

VI. That the defendants were never served with any alternative writ of mandamus, nor was any such writ ever issued in this action.

VII. For that his Honor erred in granting leave to the plaintiff to change the action to an action for mandamus.

VIII. For that his Honor did not find the material facts in this case, to-wit: that there was the regular joint meeting of the board of commissioners of Buncombe county and the justices of the peace of said county, on the first Monday in June, 1885, and that no petition of a majority of the registered voters of Black Mountain township was presented to said meeting, by, or on behalf of, a majority of the registered voters thereof.

IX. That his Honor erred in granting said peremptory writ in any possible view of the facts alleged in the plaintiff's complaint, or established by any evidence offered in his behalf.

X. For that the said mandamus proceedings in this action are irregular from beginning to end; contrary to the course and practice of the Court in such cases, and not warranted by law.

*Messrs. M. E. Carter* and *F. A. Sondly,* for the plaintiff.
*Mr. George A. Shuford,* for the defendants.

SMITH, C. J., (after stating the facts).   In the original
complaint stating the grievances of the plaintiff, in that by
the hasty adjournment, the application of the voters of Black
Mountain district, for relief from the operation of the stat-
ute, was not heard and considered, the redress demanded was
an injunction against carrying it into effect in that township,
and that the commissioners and justices· should again meet
in joint convention, in order that such application might still
be made.   The injunction was refused, and thereupon, with
no amendment, the action is converted into a suit for a man-
damus *nisi* in form at first, and made absolute afterwards.   This
is not an amendment, but a new and altogether different and
independent proceeding, which cannot be upheld without sub-
verting fundamental principles of pleading and practice, and
introducing inextricable difficulties in the way of pursuing a
remedy for a recovery.   This wide departure from established
rules, which are framed to eliminate the elements of controversy
upon the allegations made and controverted by the contesting
parties, cannot be permitted, if we are to have and preserve any
definite principles to guide in the conduct and defence of actions.
*Merrill* v. *Merrill,* 92 N. C., 657.

The conversion of the action into one of a nature wholly dif-
ferent, and the proceeding under it, without any modification in
the form of the complaint, and, in our opinion, even with such
modification, is an irregularity that finds no sanction in the
power to amend and perfect, and is a just subject of complaint
by the appellants.

There is error, and the action of the Court must be reversed
in so far as it undertakes to make a wholly different case from
that presented in the pleadings, and the cause will proceed from
the point at which this departure took place.

Let this be certified.

Error.                      24                      Reversed.