STATE ex rel. J. J. CLENDENIN, Adm'r, &c., v. BENJ. TURNER et als.

*Amendment—Parties.*

1. The cause of action must exist at the time the action was begun, and the plaintiff will not be allowed by an amendment, to introduce a cause of action which had no existence when the summons was issued.

2. The Court has no power, except by consent, to allow amendments either in respect to parties or the cause of action, which will make substantially a new action, as this would not be to allow an amendment, but to substitute a new action for the one pending.

(*Grant* v. *Burgwyn*, 88 N. C., 95; *Merrill* v. *Merrill*, 92 N. C., 657; *McNair* v. *Com'rs*, 93 N. C., 364; *Ely* v. *Early*, 94 N. C., 1; cited and approved).

CLENDENIN v. TURNER.

CIVIL ACTION, tried before *Boykin, Judge,* at November Term, 1886, of IREDELL Superior Court.

It appears that on the 16th day of November, 1858, Benjamin Turner was appointed to be the guardian of his infant daughter, M. D. Turner, and executed his bond as such guardian in the sum of $3,200, with J. R. B. Adams and H. Nichols as sureties thereto ; and on the 19th day of May, 1863, he executed his second bond as such guardian, in the sum of $10,000, with Henry Turner and A. P. Sharpe as sureties thereto.

Afterwards, on the 21st of August, 1866, the 'guardian above mentioned was removed by order of Court, and on the same day J. M. Turner was appointed such guardian in his stead, and gave his bond as such, in the sum of $3,500, with Henry Turner and Martin Gaither as sureties thereto.

Afterwards, on the 23d day of October, 1871, Benjamin, the first above named guardian, paid to his successor guardian above named, for his said ward, $1,656.30, and never paid him any other sum of money or other thing on her account.

The ward, M. D. Turner, intermarried with Harry Burke on the 4th of March, 1875, and she attained her majority on the 7th of March, 1877.

She and her husband brought an action on the 27th of October, 1877, against her second and last named guardian and the sureties upon his guardian bond, alleging breaches of the conditions thereof, and at the August Term, 1884, of the Superior Court of the county of Iredell, she obtained a judgment in that action for $3,500, with interest from the 11th day of August, 1884, and for $163.00 costs. Of this judgment, the sheriff collected from the guardian J. M. Turner, $200.00, and from the surety Martin Gaither, $100.00, January 7th, 1885. In August, 1883, Henry Turner paid the said ward $1,200.00, which sum was paid before the judgment mentioned was obtained, with the understanding that it should be credited on it when obtained. On the

27

last mentioned day, the said ward and her husband assigned this judgment to J. Chap. Turner; and Henry Turner, surety, having died on the 17th day of May, 1883, his administrators paid the balance of it.

It appears that the second guardian became and was insolvent on and ever after the 4th day of June, 1881, and the sureties, Martin Gaither and Humphrey Nichols, became and were insolvent after the judgment mentioned was obtained; and Benjamin Turner, the first guardian, is also insolvent.

The first guardian, Benjamin Turner, did not account sufficiently and fully with his successor guardian, J. M. Turner, in respect to his ward's property in his hands. The ward and her husband, on the 26th of January, 1885, brought this action in the Court above named, against the first named guardian and the sureties to his guardian bond, given on the 16th of November, 1858, alleging breaches of the conditions thereof, in that he had not accounted to the second guardian as he ought to have done, and had property and effects of the ward, &c., and obtained judgment at May Term, 1886, of the Court.

The second guardian, J. M. Turner, suing as such guardian. in the name of the State on his relation, brought this action in the same Court, on the 25th day of February, 1880, against the former guardian, Benjamin Turner, and the sureties to both his bonds as guardian first above mentioned, alleging as his cause of action, breaches of the conditions of those bonds, in that the said former guardian had not accounted with him in respect to the property, money and effects of his ward as he ought to have done, and he demanded judgment for the amount of the bonds respectively, for an account of the guardianship, &c., &c.

Pending this action, the relator therein, the said second guardian, J. M. Turner, died intestate on the 17th day of March, 1885, and J. J. Clendenin was appointed administrator of his estate.

Afterwards, at the February Term, 1886, of said Court, the last named administrator was made party plaintiff in this action instead and in place of his intestate, and filed his complaint therein, adopting the complaint of his intestate, alleging further, that the said ward and her husband had since the bringing of this action, recovered the judgment first above mentioned against his intestate for moneys and effects received by the defendant Benjamin Turner, while he was guardian for his ward, &c.; and he further demanded judgment for the amount of the judgment so obtained against his intestate, &c.

To this supplemental complaint, the defendant Sharpe, a surety, demurred, assigning as grounds of demurrer, first, that " the plaintiff as administrator of the deceased guardian, cannot maintain an action on the bond of the former guardian for a fund due his ward, but that the action should be brought by the ward, if she is now of age, or in her name by the second guardian. if she is still a minor, because the administrator cannot maintain an action for the fund which his intestate ought to have collected."

Subsequently the Court made this order : " This cause coming on to be heard at this May Term, 1886, of Iredell Superior Court, before his Honor, MacRae, Judge, upon the complaint and demurrer filed by A. P. Sharpe, and being heard upon the said pleadings; it is adjudged by the Court, that the defendant's first ground of demurrer. as stated in the said demurrer on file, be sustained; it is further adjudged, that the defendants recover of the plaintiff all the costs incurred in this suit, up to and including this term of the Court, to be taxed by the clerk of this Court; plaintiff allowed to amend his complaint, and to make new parties within thirty days; defendant allowed till next term to answer."

Thereupon at the same term of the Court, Martin Gaither, surety above named, and W. W. Turner, and J. M. Turner,

Jr., administrator of Henry Turner, deceased, who was also surety of the second guardian, deceased, were allowed to become parties plaintiff with the said J. J. Clendenin, administrator, and they then filed a new complaint, in no way relating to or connected with the pleadings preceding it, in which they allege new and different causes of action: that the defendant Benjamin Turner, the first guardian named, has failed to account to the said second guardian, deceased, in his life-time, for large sums of money of his said ward; that the ward had obtained the judgment first above mentioned against the second guardian and the sureties to his guardian bond; that they had respectively paid parts, aggregating a sum equal to the whole of that judgment, and were entitled to be subrogated to the rights of the said ward against the defendants, and to have them severally contribute, &c., &c., and they demanded judgment accordingly.

Afterwards, the defendants filed their answer to the last mentioned complaint, in which they substantially deny the principal allegations therein; plead the statute of limitation; and insist that the present plaintiffs have been improperly allowed to come into this action as new parties, long after it began—after the pleadings of the original plaintiff and the defendants had been filed—and have been allowed to file a new complaint, in which they allege an entirely new, distinct and different cause of action from that at first alleged, and one that has arisen, if it has foundation at all, since the action began, and they insist that the Court could not, certainly without their consent, thus make new parties plaintiff, and introduce a new cause of action into the action, and substantially make a new and different action.

At the trial, the Court adjudged that the plaintiff cannot maintain the present action, and dismissed the same. From this judgment, the plaintiffs appealed to this Court.

*Messrs. D. M. Furches* and *R. F. Armfield,* for the plaintiffs.
*Messrs. T. B. Bailey* and *M. L. McCorkle,* for the defendants.

MERRIMON, J., (after stating the facts).   We express no
opinion as to whether the plaintiffs' alleged cause of action
is well or ill founded, because in any view of it, it arose and
was introduced into this action long after it began, dis-
placing entirely the original cause of action alleged.   This
is an anomaly that has no legal sanction, and cannot be
allowed.   Certainly the principal cause of action must exist
in all cases at the time the action began.   It would be un-
just and absurd to bring a party into Court to answer the
plaintiff, before he had a right to sue.   The mere fact that
the cause of action is introduced into a pending action, can-
not alter the case, because this in effect makes the action a
new one.

The notion that seems to prevail to some extent, that the
Court has complete control of an action, and authority to
change and mould its nature and purposes in its discretion,
is a mistaken one.

The statute prescribes how actions shall be brought, and
the course of procedure therein.

As soon as an action is brought and the complaint is filed,
it takes on and has distinctiveness and integrity of nature
as to the parties to it, and that may come or be brought into
it, and the cause or causes of action sued upon, that per-
meate and go with it to its end.   It is not subject to the
arbitrary control of the parties or of the Court—it must be
proceeded in according to law, and only such amendments
as to parties or the cause of action, may be made as its
nature and scope warrant.   Amendments in this respect
must be such, and only such, as are necessary to promote
the completion of *the action begun*—all parties necessary for
that purpose may come or be brought into it, and so also,
any and all such amendments may be made as to the cause of

action, as may be necessary to its completeness in all respects. But neither general principles of practice, nor the statute providing for amendments, authorize amendments that reach beyond these purposes. Especially, the Court has no authority to allow such amendments as to parties, or as to the cause of action, as make a new, or substantially a new action, unless by the consent of the parties. Indeed, this would not be to *amend*, in any proper sense, but to substitute a new action by order, for and in place of a pending one, which the Court cannot do. General principles of procedure, and, as well, the statutory regulations upon the subject, contemplate and intend that an action shall embrace but one litigation or matter, and only such parties, matters and things, as are necessary, *germain*, and incident to it, except that several causes of action may be united in· the same action, as specially provided by statute. Any other rule or method would certainly be subversive of orderly and intelligent procedure, and lead to intolerable confusion, as well as injustice to litigants. *Grant* v. *Burgwyn*, 88 N. C., 95; *Merrill* v. *Merrill*, 92 N. C., 657; *McNair* v. *Commissioners*, 93 N. C., 364; *Ely* v. *Early*, 94 N. C., 1.

Now, in the case before us, the action was brought by the second guardian against the first one and the sureties to his guardian bond, to compel him to account, &c.

The plaintiff died pending the action. Afterwards, his administrator became a party plaintiff and filed his complaint, alleging a new, distinct and entirely different cause of action, that arose since the action began. To this there was a demurrer, which was sustained, and the Court allowed the plaintiff to make new parties plaintiff, who, putting aside the complaint and all prior pleadings, filed a new complaint, alleging a new, distinct and different cause of action, substituted for the original plaintiff and the original cause of action alleged.

This was undertaking substantially to make a new action out of a pending one.

The Court therefore properly decided that the plaintiffs could not maintain the present action. Judgment affirmed.

No error. Affirmed.