WM. RICHARDS and wife et al. v. John B. SMITH.

*Action to Recover Land—Amendment—Parties—Evidence—*
*Pleading.*

1. In an action to recover land, if the complaint allege, generally, title and right of possession, the plaintiff on the trial, may offer evidence of any title which may entitle him to recover; but if he set out his title specifically, *it seems* he will be required to prove it as alleged.

2. Unless with the consent of the parties, the pleadings cannot be so amended by the introduction of new parties or cause of action as to constitute a new or different action.

3. Where an amendment was allowed, without objection, by which new parties were made to the complaint, and subsequently the names of the original parties were stricken from the record, but no change was made in the allegations in the complaint; *Held*, that the action might be prosecuted to judgment in the name of the new parties, as if they had been original parties.

(*Kitchen* v. *Wilson*, 80 N. C., 191; *Johnson* v. *Pate*, 83 N. C., 110; *Fitzgerald* v. *Shelton*, 95 N. C., 519; *Clendenin* v. *Turner*, 96 N. C., 416, cited).

The following is so much of the case settled upon appeal as need be stated here:

"The action was brought and complaint filed in the name of William Richards and wife, Mary A., as plaintiffs, alleging that they are the owners in fee and entitled to the possession of the following lands in Gaston county: One tract (describing it by metes and bounds), containing 200 acres and 73 poles; and another tract, (describing it by metes and bounds), containing 14 acres, more or less.

At a subsequent term of said Court the complaint was amended, as follows: "Plaintiffs amending their complaint by leave of the Court, made parties plaintiffs thereto of John B. Richards, George F. Richards, Sarah Summerow and her husband, H. M. Summerow, Eliza J. Richards, Fannie Rutledge and J. L. Rutledge, her husband, William Richards,

an infant, by his next friend—William Richards, sr.," and no further amendment was ever made of the complaint.

During the argument the presiding Judge intimated an opinion that the plaintiffs who had come in by amendment could not recover in this action upon a claim adverse to their co-plaintiffs, and that the presence of the last made plaintiffs served only to complicate the case. Thereupon the plaintiffs' counsel entered a *nol. pros.* as to William and Mary Richards, the original plaintiffs.

The presiding Judge then held that the remaining plaintiffs, the children of William and Mary Richards, not having set up in the complaint any title in themselves to either of the tracts described in the complaint, and only claiming now to recover, by possession under color of title, that portion of the land in dispute which lies north of the pine and lower persimmon, and *this* under a deed for a tract not named in the complaint, are not entitled to recover; that the defendant was entitled to be informed by the complaint of the plaintiffs' claim, and of any claim under the 67-acre deed; the complaint gave him no notice.

Thereupon the plaintiffs, other than William Richards and Mary Richards, who had already entered a *nol. pros.*, submitted to a nonsuit and appealed to the Supreme Court."

*Mr. W. P. Bynum,* for the plaintiffs.
*Mr. W. L. McCorkle,* for the defendant.

MERRIMON, J. The complaint, as filed by the original parties plaintiff to the action, alleges in general terms, " that they are the owners in fee simple, and entitled to the immediate possession of the following land," describing specifically two tracts.

This allegation of title is ordinarily sufficiently definite, in an action to recover land, and when it is denied by the answer, thus raising an issue of fact, the plaintiff has the

right to produce on the trial such pertinent and competent evidence as he can, to prove title in himself. *Kitchen* v. *Wilson,* 80 N. C., 191; *Johnson* v. *Pate,* 83 N. C., 110; *Fitzgerald* v. *Shelton,* 95 N. C., 519.

If the plaintiff should allege title in him, derived in a specified way, it may be that he would be compelled to prove it substantially as alleged, unless he should, upon application to the Court, be allowed to amend the complaint.

It seems, from the case settled on appeal, that the present plaintiffs were not properly made, or entitled to become such, because they were not necessary to a proper determination of the action or cause of action alleged, nor were they necessary in any sense to the completion of the action begun. Regularly, amendments as to the parties to the action and the cause of action can be made only for such purpose, and it would be error to allow such amendments otherwise, unless by consent of the parties; because, the effect of them is to change and make the action, or the cause of action, alleged in the complaint, practically a new one, and this the law does not contemplate. *Clendenin* v. *Turner,* 96 N. C., 416.

But the Court allowed them to be made parties to the action and to the complaint as well as plaintiffs; they became such as certainly as if they had been originally named therein. By the amendment the complaint, in legal effect, alleged title in them and the original plaintiffs to the two tracts therein described; the language of it is, the "plaintiffs amending their complaint, by leave of the Court made parties plaintiff thereto," &c.

The defendants did not object to the amendment, and the implication is, that they assented to the same and its legal effect. If they were not content, they should have said so and excepted. The parties to the action might, by consent, with the sanction of the Court, change the character thereof to any action of which the Court had jurisdiciion. *Clendenin* v. *Turner, supra.*

In the course of the trial the Court " intimated an opinion that the plaintiffs who had come in by amendment could not recover in this action upon a .claim adverse to their co-plaintiffs," for reasons assigned by it. To obviate the difficulty suggested, the case states, that "the plaintiffs' counsel entered a *nolle prosequi* as to William and Mary Richards, the original plaintiffs."

The terms *nolle prosequi* were inadvertently improperly applied ; they are appropriately used when the plaintiff in a civil action, or the prosecuting officer in a criminal action, abandons of record the action as to one or more or all of the defendants; that is, he declares, by an appropriate entry in the record, that he will not further prosecute the action against the party defendant named.

The original parties could not thus go out of this action, without the permission of the Court. It must be taken that the Court allowed the plaintiffs to amend, by striking their names out of the action and the pleadings. This was the legal effect of what was done, and as there was no objection on the part of any of the plaintiffs or defendants, the presumption is, that the order was made by consent of the parties. They might so consent with the sanction of the Court—we can see no reason why they might not—as the Court had complete jurisdiction of the parties and the cause of action.

The original parties to the action having thus gone out of it—entirely disappeared—it now appears from the record that the present plaintiffs allege in their complaint, " that they are the owners in fee simple," &c., of the land specified therein, just as if they had brought the action. The amendments so made by consent of the parties, with the sanction of the Court, rendered the action completely that of the present plaintiffs. The Court therefore erred in holding that the present plaintiffs—the appellants—had not "set up in the complaint any title in themselves to either of the tracts described " therein—on the contrary, they alleged title in

themselves to both tracts, and they might prove title in them to, and recover, both or one, or a part of one, however small that part. The plaintiff is not bound, ordinarily, to prove title in him, to the whole of the land claimed and described in his complaint, or fail in his action; he may prove title in him to so much thereof as he can, and recover that much.

There is error. The judgment of nonsuit must be reversed, and a new trial granted. To that end let this opinion be certified to the Superior Court.

Error.