SUPREME COUNCIL A. A. S. R. v. GRAND LODGE OF A. F. AND
A. M. OF NORTH CAROLINA.

(Filed 22 April, 1914.)

1. Appeal and Error — Pleadings—Amendments—Fragmentary Appeals.

   An appeal from an order of the lower court permitting an amendment to a pleading is premature and will be dismissed in the Supreme Court.

2. Actions—Pleadings—Amendments—New Cause of Action—Libel —Boycott—Appeal and Error.

   A new and distinct cause of action is not allowable by amendment to the complaint, and where the original complaint alleges a cause of action for libel, it may not be amended so as to maintain an action for damages arising from an alleged boycott by the defendant; for if the amendment be for the purpose alone of showing malice, it was unnecessary, and if relied on as a cause of action it was not permissible by amendment.

CLARK, C. J., did not sit on this case.

APPEAL by defendant from *Lane, J.,* at November Term, 1913, of FORSYTH.

This is an action to recover damages for an alleged libelous publication of date 14 January, 1909.

At the trial term the plaintiff moved to amend the complaint theretofore filed, which declared upon the publication, by alleging that the defendant declared a boycott against the plaintiff in the Spring of 1908.

His Honor denied the motion as matter of law, and the plaintiff excepted and appealed.

*Lindsay Patterson for plaintiff.*

*S. M. Gattis, Alexander, Parrish & Körner, and A. B. Andrews, Jr., for defendant.*

PER CURIAM. The position taken in the defendant's brief that the appeal is premature must be sustained. *Goodwin v. Fertilizer Works,* 123 N. C., 162.

If we were to hold otherwise, parties could appeal from every adverse ruling in the Superior Court, with the result that the docket of this Court would be incumbered with unnecessary matter, the costs to litigants greatly increased, and trials needlessly delayed.

An exception ought to have been entered and the trial proceeded with.

We are, however, of opinion that the motion to amend was properly denied.

If the facts alleged therein are competent against the defendant as evidence of malice, they may be offered under the allegations of the original complaint; and if relied on as a cause of action, they introduce a new and distinct cause of action, which is not permissible, when resisted. *McNair v. Buncombe County,* 93 N. C., 364; *Clendennin v. Turner,* 96 N. C., 416.

Appeal dismissed.

CLARK, C. J., not sitting.