CLARK, C. J., did not sit on this case.
This is an action to recover damages for an alleged libelous publication of date 14 January, 1909.
(222) At the trial term the plaintiff moved to amend the complaint theretofore filed, which declared upon the publication, by alleging that the defendant declared a boycott against the plaintiff in the Spring of 1908.
His Honor denied the motion as matter of law, and the plaintiff excepted and appealed.
The position taken in the defendant's brief that the appeal is premature must be sustained. Goodwin v. Fertilizer Works, 123 N.C. 162.
If we were to hold otherwise, parties could appeal from every adverse ruling in the Superior Court, with the result that the docket of this Court would be incumbered with unnecessary matter, the costs to litigants greatly increased, and trials needlessly delayed.
An exception ought to have been entered and the trial proceeded with.
We are, however, of opinion that the motion to amend was properly denied. *Page 207 
If the facts alleged therein are competent against the defendant as evidence of malice, they may be offered under the allegations of the original complaint; and if relied on as a cause of action, they introduce a new and distinct cause of action, which is not permissible, when resisted.McNair v. Buncombe County, 93 N.C. 364; Clendennin v. Turner, 96 N.C. 416.
Appeal dismissed.
CLARK, C. J., not sitting.