Cooper *v.* R. R.

WILLIE P. COOPER, by His Next Friend, L. L. CRAWFORD, v. SOUTHERN RAILWAY COMPANY and E. FULLER.

(Filed 13 May, 1914.)

1. Trials — Malicious Prosecution—Amendments—Distinct Cause— Appeal and Error.

Unless done with the consent of the defendant in the action, it is not within the discretion of the trial judge to permit an amendment to the complaint setting forth an additional and substantially a new cause of action; and where damages are sought for malicious prosecution, with allegation that the plaintiff was arrested and convicted before a justice of the peace, and acquitted in the Superior Court on appeal, an amendment, permitted during the argument of the civil action, alleging plaintiff was tried upon a bill presented to the grand jury by the solicitor and acquitted, is held for reversible error.

2. Trials—Malicious Prosecution—Evidence.

Where in an action for malicious prosecution it is alleged that the bill of indictment was drawn by the solicitor, sent to the grand jury, which eventuated in the plaintiff's acquittal upon the trial, it is necessary for the plaintiff to show that the defendant was in some way instrumental in causing or assisting in the criminal action, for otherwise he cannot recover in his civil action for damages.

3. Same—Questions for Jury—Principal and Agent.

One who causes the arrest, conviction, and incarceration of another before a justice of the peace, upon an insufficient warrant which he has personally sued out, upon a verdict of acquittal in the Superior Court on appeal, is liable for actual damages; and if done with malice and without probable cause, for punitive damages; and when the evidence is conflicting as to whether the warrant was sued out in the capacity of agent for another, acting within the scope of his authority, the question of the liability of the principal, as well as the agent, is for the determination of the jury, upon issues as to each of them. The warrant under which the criminal action was had is held insufficient in this case.

Appeal by defendant from *Long, J.,* at August Term, 1913, of Cabarrus.

Civil action for wrongfully arresting and maliciously prosecuting the plaintiff, a boy at one time in the employ of the defendant railway company.

A number of issues were submitted, which it is unnecessary to set out, as the case is to be tried again. There was a verdict and judgment for the plaintiff, and the defendants appealed.

*H. S. Williams, J. L. Crowell for plaintiff.*
*L. T. Hartsell, L. C. Caldwell for defendant.*

BROWN, J. A number of unnecessary issues were submitted in this case. As the action is evidently one to recover damages for wrongfully arresting and maliciously prosecuting plaintiff, the fourth and fifth issues were unnecessary, and should not have been submitted.

It appears in evidence that the plaintiff, a boy of 16 years, was in the employ of the defendant railway as night supply boy at Spencer shops. The defendant Fuller was shop superintendent, and had charge of everything around the shops.

At the instance of Fuller and a local private policeman of the railway company, the plaintiff was charged with entering a tool-house of the railway company, and arrested and imprisoned for two days by a justice of peace for nonpayment of the fine imposed.

The following is a copy of the warrant, under which the plaintiff was arrested, tried, and convicted:

NORTH CAROLINA—Rowan County.

> Justice's Court, before C. E. Fesperman, Justice of the Peace.

THE STATE 
    *v.*        *Criminal Action.*
WILL COOPER.

E. Fuller, upon information and belief, being duly sworn, complains and says: That at and in said county, and in Salisbury Township, on or about the 3d day of July, 1910, that Will Cooper did unlawfully, willfully, and feloniously trespass on the Southern Railway Company, viz., being in a private storehouse at night, contrary to the form of the statute and against the peace and dignity of the State.

Subscribed and sworn to before me, this 5th day of July, 1910. C. E. FESPERMAN,

*Justice of the Peace.*

*The State of North Carolina,*

*To any lawful officer of Rowan County—Greeting:*

You are hereby commanded forthwith to arrest Will Cooper and him safely keep so that you have him before me at my office in said county, immediately, to answer the above complaint, and be dealt with as the law directs.

Given under my hand and private seal, this 5th day of July, 1910. C. E. FESPERMAN,

*Justice of the Peace.*

The plaintiff was convicted by the justice, and fined $10, and imprisoned for nonpayment thereof. From the judgment of the justice convicting and fining him, the plaintiff appealed. Upon trial *de novo* in Superior Court, he was acquitted. The plaintiff then brought this action for damages.

The sole cause of action set out in the complaint is the alleged unlawful arrest, imprisonment, and malicious prosecution, under the above named warrant, and upon such complaint and evidence in support thereof the issues were joined and the trial proceeded.

After all the evidence was in, and while the counsel for the plaintiff was addressing the jury, the court, over the objection of the defendants, permitted the plaintiff to file an amendment to the complaint, as follows:

Amend section 10 of the complaint so as to make it read:

"That an appeal was taken from the judgment of the justice of the peace to the Superior Court of Rowan County, where the plaintiff, Willie Cooper, was tried upon the charge of trespass upon the original warrant before the judge and a jury, acquitted on said charge, and the case ended; and then through the influence and procurement of the defendants E. Fuller and the Southern Railway Company, or their agents and employees, a bill was sent the grand jury, charging the said Willie Cooper

with unlawfully, willfully, and feloniously breaking into the office, tool-house, or hot-house of the Southern Railway Company and stealing certain articles therefrom, or attempting so to do, and when the said Willie Cooper was placed upon trial upon the said charge and tried before the court and a jury, he was found not guilty of the said charge, and dismissed, and the said case also ended. Records of said cases are hereto attached and marked exhibits A and B."

And the court permitted the jury to consider and act upon this new cause of action without further evidence than that already in and which is set out in the record.

This was error. A new cause of action was added to the complaint at "the eleventh hour," to which defendants were debarred opportunity to make defense, and to prepare and offer evidence.

The trial judge cannot, without the consent of parties, so amend, change, or modify the pleadings in a pending action as to substantially make it a new one. *Ely v. Early,* 94 N. C., 4; *McNair v. Commissioners,* 93 N. C., 364.

Again, assuming, as contended by the plaintiff, that this amendment was germane to the original cause of action, and within the discretion of the judge, there is no evidence whatever in the record that either of the defendants or any one for them urged or instigated the finding of the bill of indictment. There is no evidence that defendants knew anything about it.

So far as this record discloses, after the plaintiff had been acquitted on the trial of the appeal, upon the justice's warrant, the solicitor sent the bill of indictment upon his own motion, without the knowledge or solicitation of the defendants.

There being no evidence to support the new cause of action embraced in the amendment, his Honor erred in submitting it to the jury. *West v. Grocery Co.,* 138 N. C., 167.

Coming now to the consideration of the defendant's motion to dismiss the action, we are of opinion that his Honor properly overruled the motion. The original complaint, without the amendment, sets out a cause of action, and there is evidence to support it.

As we view it, the warrant is void on its face, and charges no facts sufficient to constitute an indictable offense, neither larceny nor forcible trespass nor any other offense punishable by fine or imprisonment.

In any view of the evidence, the arrest and imprisonment of the plaintiff was unwarranted upon such warrant, and the defendant Fuller, who personally sued out the warrant and procured the arrest, is personally liable for actual damages, and if he did it maliciously and without probable cause, he would be liable for punitive damages.

To make the railway company liable for the acts of Fuller, it must appear and the jury must find that the prosecution was instituted and the arrest made by Fuller by authority of the company, or that it was ratified by it. We adhere to the doctrine laid down in numerous decisions of this Court, that no master is chargeable with the acts of his servant but when he acts in the execution of the authority given him, and that where the act is not clearly within the scope of the servant's employment, but there is evidence tending to establish that fact, the question may properly be submitted to the jury. *Daniels v. R. R.,* 136 N. C., 518; *Sawyer v. R. R.,* 142 N. C., 1.

In this case we think the question of the liability of the railway company for the acts of Fuller should be submitted to the jury, and that it is best that the first issue be divided so as to present the liability of each defendant under a distinct issue.

New trial.