This proceeding began 30 December, 1930, as a tax foreclosure suit, under the current statute, chapter 221, Public Laws of 1927; chapter 204, Public Laws of 1929 (C. S., 8037); against Mrs. J. R. Ellis and her husband, J. R. Ellis, with service on Mrs. Ellis alone. The appellants are movents in that cause, asking that a certain mortgage foreclosure proceeding had in this action, and the judgment therein, be set aside for invalidity and that the Commissioner's deed made under their authority be annulled and canceled from the record, and for incidental relief.
In the tax foreclosure suit service was made only against Mrs. Ellis, the return of summons stating that J. R. Ellis was dead. In fact, he *Page 271 
had died intestate several years prior to the issue of summons, leaving the present petitioners, minors, as his heirs at law. While the tax foreclosure, in all phases of the proceeding, including the complaint, was against a 44 1/2 acre tract alleged to be owned by Mrs. Ellis, she owned only a 22 acre tract, and the 22 1/2 acre tract, the subject of the present controversy, descended to and became the property of these petitioners and other children of J. R. Ellis at his death. The deed under which J. R. Ellis held was recorded in the Johnston County Registry and had been on record since 1914, and the ownership is not disputed.
The tax foreclosure suit ran its course and resulted in the sale of the 44 1/2 acre tract — supposedly including the tract descended to appellants — confirmation, and commissioner's deed to the purchaser, E. J. Wellons, at the purchase price of $78.21, which included the taxes claimed to be due.
On 12 June, 1934, Joe Ellis, a child of J. R. Ellis, specially appearing, with counsel, filed a motion, supported by affidavit, to set aside the decree and deed made in the tax foreclosure proceeding on the ground that the heirs at law of J. R. Ellis, all minors at the time, had not been made parties, and were not represented; that the proceeding itself was ineffectual for want of adequate description of the land in the advertisement, complaint, and deed, and for other defects, including the joinder and purported sale of petitioners' 22 1/2 acre tract along with the 22 acre tract of Mrs. Ellis, as to the latter of which tracts the validity of the sale is not disputed. In the motion and supporting affidavit, the petitioner Ellis avers that he is acting as next friend for the minor children; and some days subsequent to the date of the affidavit and motion, he was, upon affidavit declaring his own fitness so to act, appointed next friend to act in the premises for such minor children.
Thereupon, L.G. Stevens filed an "interplea and motion" which repeats substantially the allegations of the Ellis affidavit. He further alleges that he is the holder of a note executed by J. R. Ellis and wife dated 6 April, 1921, in the sum of $1,124.96, secured by a mortgage deed conveying both the tracts of land mentioned, containing two credits, one of $165.59, 10 February, 1925, and another of $102.00, 14 November, 1925, and demands recovery of $1,124.96 alleged to be due, with interest from 6 April, 1921, subject to the credits mentioned, and that a commissioner be appointed to advertise and sell the lands.
The movent, [movant] Joe Ellis, did not answer or demur, either individually or as next friend.
E. J. Wellons, the purchaser at the tax sale, having been duly served with summons on 22 September, 1934, came in and answered the affidavit and motion of Ellis. Upon the hearing of the matter on 5 September, 1934, the clerk of the Superior Court, after finding of facts, proceeded *Page 272 
to enter a judgment setting aside all the orders and decrees made in the case, set aside the deed made to Wellons and provided repayment to him of all taxes and expenses paid. From this order no appeal was taken. The record discloses no further participation of Joe Ellis, either individually or as next friend, in further proceedings.
Thereafter, on 3 June, 1935, the clerk of the court entered a judgment, after a hearing "upon the evidence filed herein and upon oral evidence and upon the exhibition of the notes and mortgages hereinafter referred to," in which he found that L.G. Stevens had sold, transferred and assigned his note and mortgage to Cornelia A. Wellons, wife of E. J. Wellons, and that "she has voluntarily appeared herein and asserts her rights thereunder"; and adjudged that E. J. Wellons recover of the defendants the sum of $78.21, with interest from 2 November, 1932; that Cornelia A. Wellons recover against the defendants, naming Mrs. J. R. Ellis, the widow, and the children of J. R. Ellis, $1,124.96, with interest from 6 April, 1921, less certain credits, and ordered the land sold to satisfy the lien of the mortgage, appointing James R. Pool as commissioner for that purpose. The record discloses no appearance of the next friend of the infant children or act done by him in connection with the proceeding. Under this judgment dated 3 June, 1935, sale was made. The commissioner reported the same, and the clerk of the Superior Court confirmed the sale.
On 12 September, 1945, the present petitioners, having become 21 years of age, entered a special appearance, and moved to set aside the judgment of 3 June, 1935 (in the foreclosure proceeding) and filed a supporting affidavit, as follows:
"Now comes Kenneth Ellis, Wilson Ellis, Milton Ellis, Alma Ellis Price, and William Ellis, whose names appear as some of the defendants, and respectfully show unto the Court.
"1. That as will appear from the summons issued in the above entitled action and from the return of the sheriff made thereon none of these movents were ever served with summons in this action.
"2. That at the time the purported judgment by default was entered herein all of these movents were under 21 years of age and no proceeding for the appointment of a suitable and proper guardian ad litem to defend said action for them was ever instituted nor was any guardian ad litem
appointed, as required by the General Statutes of North Carolina.
"3. That as appears from the original pleadings in this cause, this was an action to foreclose tax liens in the amount of $47.54 allegedly due the plaintiff for the year 1927, and thereafter the defendants, E. J. Wellons and wife, Cornelia A. Wellons, attempted to improperly and *Page 273 
unlawfully assert a cross-action not arising out of the subject of the action as set out in the complaint, the same having no relation to plaintiff's claim, which said cross-action is absolutely void in so far as these movents are concerned.
"4. That as will appear from the pleadings filed herein no right of action was alleged or asserted against these movents, although the judgment referred to allows the said E. J. Wellons and wife, Cornelia A. Wellons to recover a large sum of money against these movents and condemns their interest in the 22 1/3 acres described therein to sale, along with other properties in which they have no interest, to satisfy said alleged claim, and likewise taxed them with the costs.
"5. That movents do not contest the right of plaintiff herein to assert its tax liens against the property referred to in this action, and they stand ready, able and willing to pay all taxes, costs and penalties legally levied and assessed against the 22 1/3 acres of land described in said judgment.
"Wherefore, said movents, all of whom are now 21 years of age sui juris
enter a special appearance herein and move the court to vacate and set aside said judgment and all orders and decrees incident thereto, including a purported commissioner's deed, and to remove the same from the judgment roll of this court.
 "This the 12th day of September, 1945. LEVINSON, POOL BATTON, Attorneys for Movents."
Motion was resisted by E. J. Wellons and wife by demurrer:
"E. J. Wellons and wife, Cornelia A. Wellons, demur to Motion of Kenneth Ellis, Wilson Ellis, Milton Ellis, Alma Price and William Ellis for that the same does not state any cause of action:
"1. For that the said motion shows on its face that the said movents were named as parties to said action.
"2. That the said motion shows on its face that the Court recognized said movents as properly before the Court and rendered judgment thereon.
"3. That the said motion fails to show any meritorious defense or that the said movents have been diligent in making the same.
"Wherefore, the said respondents pray that the motion be denied.
 "This September 26, 1945. LEON G. STEVENS, Attorney for Respondents." *Page 274 
On 21 September, 1945, the matter was heard before H. V. Rose, clerk of the Superior Court, upon the record and evidence taken. Thereupon the clerk entered judgment reciting a history of the case and making findings of fact, adjudged that the petitioners had not been before the court in a legal sense; that the mortgage foreclosure procedure was entirely foreign to the cause of action upon which the suit was originally instituted, and that the deeds of Wellons and wife, Cornelia A. Wellons, for the 22 1/2 acres of land described in the proceedings were ineffectual to pass title as against the minor petitioners who now appear in the cause. The judgment provides for an adjustment as to the taxes paid by Wellons and wife on the 22 1/2 acre tract since 1927, and that they were entitled to "collect out of said lands the amount of the note and mortgage they purchased from L.G. Stevens, together with interest on the taxes and the amount due upon the note and mortgage and for all improvements they have made on the lands"; but requiring them to render an account to the petitioners for reasonable annual rent, since they have been in possession thereof.
From this judgment E. J. Wellons and wife, Mrs. Cornelia A. Wellons, excepted and appealed.
The matter came on for hearing before Judge Carr at the November Term, 1945, of Johnston County Superior Court, and upon an order that an amended motion be filed by movents, the matter was set for further hearing at December Term, 1945.
The amended motion and the answer thereto did not materially change the aspect of the controversy, and are consistent with the foregoing statement of the case. However, the further defense in the answer to the amended motion avers that the movents were properly represented by a next friend in the mortgage foreclosure proceeding; that the motion fails to show meritorious defense; that the movents have not been diligent in attacking the proceedings; wherefore, the respondents specifically plead laches; and the respondents plead the three year statute of limitations as set out in G.S., 1-17, as a bar to the motion.
At this hearing the birth dates of the several children of J. R. Ellis were ascertained to be as follows: Joseph A. Ellis, 1908; Gladys Helen Ellis, 4 February, 1909; Walter Larry Ellis, 16 October, 1910 (dead); Katie Lee Ellis, 4 November, 1912; William Jackson Ellis, 4 August, 1914; Rufus Wilson Ellis, 20 October, 1916; Milton Vick Ellis, 5 September, 1918; Elmer (Alma) Rea Ellis, 10 January, 1921; Riley K. (Kenneth) Ellis, 21 October, 1923. Of these Kenneth Ellis, Wilson Ellis, Milton Ellis, Alma Ellis Price and William J. Ellis are petitioners and present appellants.
The parties stipulated "that the hearing Judge might take the record of the case and render judgment out of term and out of the county and *Page 275 
district at the convenience of the court." On 4 January following, Judge Carr rendered the following judgment:
"This cause came on to be heard and was heard by the undersigned Judge of the Superior Court at the December Term, 1945, of the Superior Court of Johnston County upon an appeal by E. J. Wellons and wife, Cornelia A. Wellons, from a judgment of H. V. Rose, Clerk of the Superior Court of Johnston County, bearing date of November 3, 1945, which appears in the record. After the Court had heard argument of counsel it was agreed by counsel for all parties that the Court might take the record in the case and render judgment out of term and out of the County and District and at the convenience of the Court.
"Upon an examination of the record the Court is of the opinion that H. V. Rose, Clerk of the Superior Court of Johnston County, had jurisdiction of the parties and the subject matter referred to in his judgment in this cause dated Monday, June 3, 1935, and that, therefore, the said judgment is not void. The Court is of the opinion that the said judgment is irregular in respect to that part of said judgment which adjudges that Kenneth Ellis, Wilson Ellis, Milton Ellis and William J. Ellis, are indebted to Cornelia A. Wellons in any sum whatsoever, inasmuch as it does not appear that there were any pleadings upon which such judgment could have been rendered. It is, therefore, ORDERED AND ADJUDGED that such part of said judgment as directs a recovery of any judgment against any one of the aforesaid parties is hereby set aside and declared invalid.
"It is the opinion of the Court that if the remainder of the said judgment which adjudges the amount due on the mortgage and tax lien referred to in said judgment and orders a sale of said property for the purpose of satisfying said liens is irregular the movents, Kenneth Ellis, Wilson Ellis, Milton Ellis, Alma Ellis Price, and William J. Ellis, have not shown that they were prejudiced by the entry of said judgment or that they had a meritorious defense to the cause of action with respect to which the said judgment was entered.
"It is, therefore, accordingly ORDERED AND ADJUDGED that such part of the judgment of the said H. V. Rose, Clerk, bearing date of Monday, June 3, 1935, which adjudges the amounts due on the mortgage and tax lien referred to in said judgment and which directs a sale of the property described therein is valid and the deed from James R. Pool, Commissioner, to E. J. Wellons and wife, Cornelia A. Wellons, conveying said property is likewise valid. The judgment of the said H. V. Rose, Clerk, bearing date of November 3, 1945, is, therefore, modified to conform to this judgment. *Page 276 
"Let the defendants, E. J. Wellons and wife, Cornelia A. Wellons, pay the cost of this motion.
"This 4th day of January, 1946.
LEO CARR, Judge Presiding."
From this judgment the movents excepted and appealed, assigning as error the setting aside of the judgment of the clerk and the signing of the judgment bearing date of 4 January, 1946. Defendants, E. J. Wellons and wife, Cornelia A. Wellons, excepted to that part of the judgment which is adverse to them, but did not bring up an appeal.
On the facts of record the judgment of the court below holding valid and binding upon the appellants the judgment and commissioner's deed in the mortgage foreclosure proceeding cannot be sustained. The judgment is based on the theory that the foreclosure judgment attacked by the appellants, if defective at all, was at most merely irregular, and that the movents had shown no meritorious defense in their application to vacate it. We have the impression, however, that the defects of which appellants complain go to the jurisdiction: (a) Want of jurisdiction in the court to entertain the mortgage foreclosure proceeding within the frame of the tax suit, either while the latter was pending or after that controversy had ended; (b) want of legal representation of the minor children of J. R. Ellis, equitable owners of the land, when the foreclosure judgment was taken, or during any part of that proceeding; and (c) want of jurisdiction on the part of the clerk to render a default judgment upon the "interplea" or affidavits, documents and other evidence made the basis for the judgment for debt, and to adjudge the incidental foreclosure of the mortgage securing it.
Appellants' first objection applies to the court as one of general jurisdiction without reference to the limited jurisdiction of the clerk discussed infra. The appellants contend that the court had no inherent power to bring into an existing suit an independent cause of action, unrelated in any way to that stated in the complaint or to the relief sought in the original action, unnecessary to its investigation and determination, and raising issues only between defendants or parties called in adversely to answer or defend rights which might be affected by the original suit; or, in other words, to entertain a separate controversy exclusively between the defendants which, however justifiable in an independent action, had nothing to do with the plaintiff or its cause of action; in the case at bar, a mortgage foreclosure proceeding between *Page 277 
parties called in to protect their rights, if any, against the county's claim for taxes.
Objection to the power of the trial court to entertain the mortgage foreclosure suit within its already occupied jurisdiction in the tax suit must, under the facts of this case, be regarded as meritorious. The new cause of action has no relation to that to which the jurisdiction of the court had attached, nor was it necessary to its judicial determination; it was a mere episode between codefendants. Schnepp v. Richardson,222 N.C. 228, 22 S.E.2d 555; Wingler v. Miller, 221 N.C. 137,19 S.E.2d 247; Clendenin v. Turner, 96 N.C. 416, 2 S.E. 51; Richards v.Smith, 98 N.C. 509, 4 S.E. 625. Most of the cited cases were normal in incident, and the question was presented upon demurrer. Non constat that without demurrer, departure from the course of the court may not, under given circumstances, be so great or so grave as to constitute a fatal defect in jurisdiction. The court cannot by mere tolerance create within itself a jurisdiction which it has not orderly acquired. The familiar principle that parties, by common consent, may submit to the court a cause of action of which it has jurisdiction and which is properly pleaded has no application here. The following circumstances attending the progress of the case at bar deprives the situation before us of such plausibility: In the instant case there was no consent asked or given for the radical change in subject and parties which demanded the attention of the court and partnership with the tax suit in its jurisdiction. There was no amendment to the original complaint or any order respecting the new and independent cause of action outside of the inferential recognition it may have received in the judgments to which exception has been taken. There was no notice given to any interested person of this unpredictable development, although it occurred out of term; and there was no legal duty resting upon any interested party to take notice of any proceeding which might reconstitute the case or justify the presence of appellants therein in their new role. McIntosh, Civil Procedure, sec. 493. The question is whether the attempted admission of the would-be litigant and his independent cause of action into the already occupied forum, thus entertaining two separate lawsuits at the same time, and within the same procedural frame, did not over-saturate the jurisdiction of the court and result in a void judgment. Without further elaboration and confining our observation to the facts of the case at bar, we are of opinion that the judgment under review was so contrary to the course of the court as to render it invalid.
The record might be construed as indicating that the controversy over the delinquent tax had ended with the judgment setting aside all former orders and canceling the commissioner's deed before the mortgage proceeding got under way, since the tax had been paid and the purchaser at *Page 278 
the tax sale elected to recover it from these petitioners rather than from the County of Johnston. In that event, the plight of appellants would be no better because of a want of anything having the semblance of a pleading on their part, and the lack of representation of the minors in that anomalous proceeding.
To sustain the validity of the foreclosure judgment, appellees rely upon representation of the minors by their next friend, Joe Ellis, to bring them into court, and upon his express consent or the consent implied through some failure on his part to perform a duty of defense imposed upon him by law. The Court is of the opinion that Ellis as next friend could give no consent, and that no implication arises of a consent which he was not capable of giving. Even if his powers and duties as next friend had been comparable to those of a guardian ad litem — which they were not — he would have had no power to consent to a judgment of this kind without special authority of the court; Butler v. Winston, 223 N.C. 421,425, 27 S.E.2d 124; and the judgment would have been invalid without it; but his office as next friend of his minor suitors did not extend to their general defense. There is, we are aware, a lack of uniformity in judicial decision in the several jurisdictions respecting the duties and authority of a next friend and the extent of his representation. These differences are largely due to the variation in pertinent statutes of the particular jurisdiction. We think it essential to orderly procedure, and to the better protection of the rights of infants and others non sui juris, to adhere to the distinctions between next friends and guardians ad litem or general guardians traditional in our practice and formally recognized and implied in our statutes: G.S., 1-64; G.S., 1-65 to 1-67. McIntosh, Civil Procedure, pp. 237-238, secs. 253-254. These distinctions stem mainly from the circumstance that a next friend is appointed to bring or prosecute some proceeding in which the infant suitor is plaintiff, or at least where some right is positively asserted; while a guardian ad litem is appointed to defend. In legal effect, the distinctions are substantial and not merely formal.
A next friend is not an all-time and all-purpose representative through whose action or failure to act his infant suitors may be bound by orders and judgments which have no connection with the purpose of his appointment, or the rights of the minors which by virtue of such appointment it is his office to assert. The scope of his representation lies within and is determined by that purpose, the necessities of its prosecution and the procedure reasonably incident thereto. In 27 Am. Jur., p. 839, sec. 118, is a summarized expression of the law as we conceive it to be here: "The next friend has full power to act for the purpose of securing the infant's rights, and may do all things that are necessary to this end, although his power is strictly limited to the performance of the precise *Page 279 
duty imposed upon him by law." Roberts v. Vaughn, 142 Tenn. 316,219 S.W. 1034, 9 A.L.R., 1528. No doubt in the assertion of such right the next friend may have to defend against incidental or opposing rights, such as offsets, counterclaims, or other defenses or demands connected with the original claim.
The next friend came into the tax suit for the purpose of making a motion to set aside a judgment and annulling a deed in the tax suit, in which the minors were admittedly equitable owners of the property and at the time unrepresented. His appointment did not require him to defend against the foreclosure suit thrust into this proceeding in the manner stated, and his representation of the minors in that matter did not legally exist.
Moreover, the record discloses that Ellis had successfully accomplished his mission as next friend, performed all the duty imposed upon him by law, and his office as next friend had become functus officio. If the holder of the mortgage desired to foreclose, it was necessary to do so in an orderly proceeding, instituted for that purpose, and to secure the appointment of a guardian ad litem to defend the owners of the equitable estate. The judgment based on the representation and participation of Ellis as next friend is not valid or binding upon appellants.
The jurisdiction of the clerk of the Superior Court is statutory and limited, and can be exercised only with strict observance of the statute.Beaufort County v. Bishop, 216 N.C. 211, 4 S.E.2d 525. Jurisdiction to order foreclosure of mortgages is given to the clerk by G.S., 1-209
(e), in connection with G.S., 1-211, and is an incidental jurisdiction conditioned upon the rendition by the clerk of a judgment by default for the debt secured by the mortgage in favor of the mortgage creditor and against the mortgage debtor. Under the last statute named, the default judgment can be made only upon a failure to answer a verified pleading where the sum due is "capable of being ascertained therefrom by computation." The judgment under review is not of that character. Its recitals show that the motion for judgment was heard upon oral and documentary evidence, the exhibition of notes and mortgage and of affidavits in the cause. No authority is given the clerk to render a judgment by default where the title to the mortgage debt and the amount thereof must depend upon evidence taken before him, rather than by default in answering an appropriate pleading. The necessity of taking evidence upon the point is apparent from the record, but it is this very necessity that defeats the jurisdiction of the court.
Appellees have pleaded both laches and a statute of limitation, but lapse of time is unavailing against a motion to set aside a void judgment;Monroe v. Niven, 221 N.C. 362, 365, 20 S.E.2d 311. *Page 280 
For the reasons stated, we conclude that the judgment in the foreclosure proceeding sought to be vacated by petitioners is void and of no effect, and the commissioner's deed made in pursuance thereof is invalid. The judgment of Judge Carr, rendered as of December Term, 1945, except in so far as it relieves these appellants of the debt adjudged against them, is reversed. The scope of our review does not permit us to map out for the parties such remedies as they might have in an appropriate proceeding.
Judgment reversed.